UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| New England Gen-Connect, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.   )<br>)<br>US Carburetion, Inc.,  )<br>)<br>Defendant,  )<br>) | Civil Action No. 1:16-cv-12270<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, New England Gen-Connect, LLC, ("Gen-Connect" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Complaint for Intentional Interference with Advantageous Business Relations and Unfair and Deceptive Trade Acts and Practices pursuant to M.G.L. Ch. 93A against US Carburetion, Inc., ("US Carb" or "Defendant") and allege as follows:

## PARTIES

1. Gen-Connect is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 35 Pond Park Road, Bay 11, South Shore Industrial Park Hingham, MA 02043.

2. Upon information and belief, Carburetion is a corporation organized and existing under the laws of the State of West Virginia, with a principal place of business at 416 Main Street Summersville, WV, 26651.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§1332.

4. This Court has personal jurisdiction over the Defendant through its purposeful minimum contacts with Massachusetts by selling and shipping its products to the Massachusetts based Plaintiff on fifteen different occasions over the last few years. In addition to these sales, the Defendant also operates an interactive and commercial website which has, and continues to, solicit business in the Commonwealth. The domain is www.propane-generators.com. Moreover, the Defendant has sent countless direct email advertisements to the Plaintiff located in the Commonwealth. Therefore, the Defendants' have sufficient minimum contacts with Massachusetts to establish personal jurisdiction.

5. The Defendant purposefully availed itself to the Commonwealth by its website, transactions within the Commonwealth, direct advertisements to consumers in the Commonwealth, and the cease and desist letter to the Plaintiff.

6. The amount in controversy exceeds $75,000 as Gen-Connect's lost profits and damages far exceed the $75,000 threshold.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§1391.

## FACTS

### UNFAIR ACTS AND DECEPTIVE PRACTICES

8. US Carb is a business for the purposes Massachusetts General Laws ch. 93A, which is incorporated in, and with a principle place of business in, West Virginia.

9. US Carburetion alleges to be an industry leader in conversion kits to change your gasoline generator into a propane generator or natural gas generator. Ex. 1

10. Code of Federal Regulations ("CFR") 40 §1054.645 requires special provisions for converting an engine to use an alternate fuel, specifically, that converting a

certified new or not new engine to run on a different fuel type violates CFR 40 §1068.101(a)(1) -(b)(1) if the modified engine is not covered by a certificate of conformity. CFR 40 §1054.645(a) and 40 § 1054.645(b).

11. A substantial, if not all, of US Carb's products are designed to convert an engine to use an alternate fuel, specifically gasoline generators into a propane generator or natural gas generator. Ex. 1. None of US Carb's products are covered by a certificate of conformity as required by CFR 40 §1054.645.

12. Additionally, US Carb accepts all used or new-but-bought-elsewhere generators and in violation of CFR 40 §1054.645 converts these generators to propane or natural gas without a certificate of conformity.

13. US Carb also sells new converted generators without a certificate of conformity in direct violation of CFR 40 §1054.645.

14. Furthermore, US Carb is selling kits which are designed specifically for Yamaha and Honda generators which are not EPA certified and therefore in clear violation of CFR 40 §1054.645(e). Ex. 3

15. US Carb has sold countless products in Massachusetts, including, but not limited to Gen-Connect.

16. US Carb has advertised its products in Massachusetts through its website and direct email advertisements.

17. US Carb has advertised its products in Massachusetts through its website and direct email advertisements. Attached as Exhibit 2 are over twenty-five (25) email advertisements of US Carb's non-conforming products to Gen-Connect.

18. US Carb's action are causing, and will continue to cause, substantial financial damage to Gen-Connect as US Carb is selling unregulated goods, which are cheaper to manufacturer and are not bonded by the EPA and they are therefore able to sell cheaper goods, and operate with less operating costs than US Carb and other Massachusetts companies which have taken the steps to, and are currently complying with CFR 40 §1054.645.

19. Additionally, Gen-Connect is harmed every day that US Carb is selling, offering for sale, introducing and delivering good which do not comply with CFR 40 §1054.645 as Gen-Connect previously ceased selling goods until every single product they had was issued a certificate of conformity in compliance with CFR 40 §1054.645.

20  The Environmental Protection Agency has been notified of US Carb's failure to comply with CFR 40 §1054.645 as US Carb's selling, offering for sale, introducing and delivering into commerce in the United States goods in violation with CFR 40 §1054.645 are subject to a civil penalty up to $37,500 for each engine or piece of equipment in violation.

## COUNT I
**(Unfair and Deceptive Trade Acts and Practices-M.G.L. ch. 93A)**

21. Gen-Connect repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

22. At all relevant times hereto, the Defendant was engaged in trade or commerce in the Commonwealth of Massachusetts.

23. The Defendant's conduct as set forth above, including but not limited to, selling, offering for sale, and delivering of goods into the Commonwealth which do not conform with the special provisions that apply for converting an engine to use an

alternate fuel under CFR 40 §1054.645 constitutes unfair and/or deceptive acts and practices in trade, commerce, or business.

24. Defendant's selling, offering for sale, and delivering goods into the Commonwealth which do not conform to CFR 40 §1054.645 have put Plaintiff at a competitive disadvantage as Plaintiff ceased selling goods until they received a certificate of conformity and were in compliance with CFR 40 §1054.645.

25. Furthermore, Defendant's selling, offering for sale, and delivering goods into the Commonwealth which do not conform to CFR 40 §1054.645 has resulted in the Defendant selling unregulated goods, which are cheaper to manufacturer and are not bonded by the EPA, therefore, the Defendant can sell its goods at a discounted price, with less operating costs then other Massachusetts companies which have taken the steps to, and are currently complying with CFR 40 §1054.645

26. As a direct and proximate result of Defendant's conduct, Plaintiff has been and is likely to continue to be substantially injured in its business, including harm to its revenues and profits.

27. Defendant's actions make it liable for violation of the Massachusetts Consumer Protection Act, M.G.L. Ch. 93A.

## COUNT II
### (Intentional Interference with Advantageous Business Relations)

28. Gen-Connect repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

29. The Plaintiff has business relationships with suppliers, customers and the consuming public from which it derives economic benefits relative to its offering for sale and sale of generator conversion kits.

5

30. The Plaintiff and Defendant are direct competitors and share suppliers and customers.

31. The Defendant is aware of the Plaintiff's business relationships that it maintains and the economic benefits it derives as a result of its offering for sale and sale of generator conversion kits.

32. The Defendant has intentionally, willfully, and/or maliciously interfered with Plaintiff's relationships with suppliers, customers and the consuming public by selling non-conforming illegal goods at a lower price. The Defendants' actions threaten the continued viability of Plaintiff's business.

33. As the direct and proximate result of the Defendant's interference with the Plaintiff's business relationships, the Plaintiff has suffered and will continue to suffer damages.

## **PRAYER FOR RELIEF**

Wherefore, Gen-Connect respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

a. Determine and declare that US Carb has engaged in unfair and deceptive acts or practices in violation of Massachusetts General Laws Chapter 93A;

b. Under Massachusetts General Laws Chapter 93A award Gen-Connect treble damages and its attorney fees;

c. Enjoin US Carb from selling, offering for sale, and delivering goods which do not conform with CFR 40 §1054.645;

d. Award Gen-Connect its lost profits based on upon US Carb's unfair and deceptive acts or practices; and,

e. Award such other relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Gen-Connect demands a trial by jury on all issues triable by right of jury.

| | |
|---|---|
| Date: November 10, 2016 | Respectfully submitted by,<br>Attorneys for Plaintiff<br>New England Gen-Connect, LLC<br><br>/s/ Brendan M. Shortell<br>Brendan M. Shortell (BBO# 675851)<br>Gary E. Lambert (BBO# 548303)<br>Lambert & Associates<br>92 State Street, Suite 200<br>Boston, MA 02109<br>Telephone: 617.720.0091<br>Facsimile: 617.720.6307<br>Shortell@lambertpatentlaw.com<br>Lambert@lambertpatentlaw.com |