UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12270-GAO

NEW ENGLAND GEN-CONNECT, LLC,
Plaintiff,

v.

US CARBURETION, INC.,
Defendant.

OPINION AND ORDER
September 29, 2017

O'TOOLE, D.J.

Now pending before this Court is the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The plaintiff opposes the motion.

The sole count in the amended complaint (the "complaint") alleges that the defendant engaged in unfair and deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A, Section 11. Allegedly, U.S. Carburetion, a competitor of the plaintiff's, has been converting gasoline engines to run on alternate fuels and selling them without obtaining certificates of conformity from the federal Environmental Protection Agency as required by 40 C.F.R. §1054.645. The complaint claims that the plaintiff has been, and continues to be, harmed because the defendant is "selling unregulated goods, which are cheaper to manufacturer and are not bonded by the EPA and they are therefore able to sell cheaper goods, and operate with less operating costs than [the plaintiff][1] and other Massachusetts companies which have taken the steps to, and are currently complying with CFR 40 §1054.645." (Am. Compl. ¶ 19 (dkt. no. 14).) The complaint

---

[1] In what appears to be a typographical error, the language actually names the defendant, rather than the plaintiff. The context indicates the intention was to name the plaintiff.

further alleges, "[e]very product sold in Massachusetts by the Defendant without a certificate of conformity is a violation of CFR 40 § 1054.645 and an unfair and deceptive act that occurs primarily and substantially within Massachusetts." (Id. ¶ 36.) The complaint also states that the plaintiff ceased selling its converted engines until it obtained the certificate of conformity required by the regulation, and so its business, including its "revenues and profits," has been harmed by the defendant's selling non-conforming products. (Id. ¶ 33.)

To survive a Rule 12(b)(6) motion, a complaint must allege facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true," even if there is doubt about the truth of those allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations"). A complaint must also contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) (internal quotations omitted). Ultimately, the purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the statement of a claim for relief; it is not a procedure for resolving the facts or merits of a case. Formulatrix, Inc. v. Rigaku Automation, Inc., C.A. No. 15-12725-MLW, 2016 WL 8710448, at *2 (D. Mass. Apr. 1, 2016) (quoting Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996)).

Section 11 of Chapter 93A creates a cause of action for damages resulting from unfair conduct in a trade or business:

> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition . . . may bring an action . . . for damages. . . .

M.G.L. ch. 93A, § 11.

That is what the plaintiff has done. The defendant's arguments are essentially defensive, arguing for various reasons that the plaintiff cannot prevail on such a claim. Those arguments are for another occasion. A complaint by one business that a competitor has lowered its own costs as a direct result of its violation of law and with lowered costs is undercutting law-abiding competition plausibly states a claim for unfair competition under § 11. Whether such a claim might be defeated by a failure of proof or overridden by other legal principles are matters for another day.

The defendant's Motion to Dismiss (dkt. no. 17) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge