| | |
|---|---|
| **NEW ENGLAND GEN-CONNECT, LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **US CARBURETION, INC.**, <br><br> Defendant. | **Case No. 1:16-cv-12270-GAO** |

**DEFENDANT US CARBURETION, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant US Carburetion, Inc.'s Motion for Summary Judgment demonstrated, through the supporting evidence, that summary judgment was proper on four separate grounds: that Plaintiff New England Gen-Connect, LLC had misconstrued 40 C.F.R. § 1054.645 to mean that kit certification was mandatory, that Plaintiff's vehicle for relief under Section 11 was unavailable because of its heightened geographic prerequisite, that there was no causal connection to Defendant and improper damages, and that the alleged certificate misconduct did not constitute the "egregious or oppressive practice" reserved for Section 11 business liability, as a matter of law. Plaintiff's opposition attempted to circumvent the questions of law favoring summary judgment by impermissibly shifting its theory of underlying liability, which also did not support its position, and attempted to avoid the uncontroverted material facts, adduced in Defendant's motion, by failing to address them altogether—omitting the required statement or counterstatement of material facts response. While Plaintiff included a declaration from its founder, Gary Mook, in opposition to summary judgment, the declaration was immaterial and largely comprised of conclusory, hearsay, and unsupported statements inappropriate for

consideration on summary judgment. Under First Circuit law, Defendant's statements of material fact are admitted and summary judgment is proper on all four grounds.

## I. PLAINTIFF HAS ADMITTED EACH OF DEFENDANT'S STATEMENTS OF MATERIAL FACT BY FAILING TO RESPOND TO THEM AND FAILING TO INCLUDE A SUPPORTING STATEMENT OF MATERIAL FACTS OF ITS OWN

Plaintiff has admitted each of Defendant's statements of material fact in support of summary judgment because Plaintiff's opposition failed to include a statement of material facts response controverting them:

> When filing for summary judgment, both parties must comply with the requirements of Local Rule 56 and file a statement of material facts "with page references to affidavits, depositions and other documentation." Local Rule 56.1. A party opposing the motion *must* include "concise statement of material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." *Id. If an opposing party fails to dispute the material facts set forth in the statement* served by the moving party, *those material facts* "will be deemed for purposes of the motion to be *admitted* by the opposing part [y]."

*Foley v. Yacht Mgmt. Grp., Inc.*, No. CIV.A. 09-11280-DJC, 2011 WL 4020835, at *3 (D. Mass. Sept. 9, 2011) (emphasis added) (citing Local Rule 56.1) ("Material facts of record set forth in the statement required to be served by the moving party *will be deemed for purposes of the motion to be admitted* by opposing parties unless controverted by the statement required to be served by opposing parties.") (emphasis added); *Fiske v. MeYou Health, Inc.*, No. CIV.A. 13-10478-DJC, 2014 WL 2818588, at *3 n.3 (D. Mass. June 20, 2014) ("As [the party] has not responded to the other facts asserted in Fiske's statement of facts, any remaining facts asserted by Fiske are 'deemed admitted.'"); *accord Dade v. Sherwin-Williams Co.*, 128 F.3d 1135 (7th Cir. 1997) (failure to respond to statement of uncontested facts as required by local rules resulted in admissions of those facts and precluded submission of additional facts, leading to summary judgment); *see also Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989) (failure to properly

respond under Rule 56 waives right to contest factual allegations in moving party's supported motion papers).

This rule is imposed on parties like Gen-Connect for good reason;[1] summary judgment on Plaintiff's sole claim is proper at the outset for this reason.

## II. PLAINTIFF HAS ADMITTED EACH OF DEFENDANT'S STATEMENTS OF MATERIAL FACT BY FAILING TO CONTEST THEM WITH ADMISSIBLE EVIDENCE

Beyond the missing requisite statement of material facts response, Plaintiff's opposition also fails because it relies almost exclusively on a self-interested, ad-hoc summary judgment declaration from Plaintiff's founder Gary Mook for evidentiary support. *See* ECF No. 73. This Declaration does not create any genuine issues of material fact for several reasons. Rule 56 provides that a declaration used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). It also cannot be used to attempt to "manufacture an issue of fact in order to survive summary judgment," which makes it inadmissible). *See, e.g.*, *Selfridge v. Jama*, 172 F. Supp. 3d 397, 412–13 (D. Mass. 2016) (citing *Orta–Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.*, 447 F.3d 105, 110 (1st Cir.2006)).

For this reason, the First Circuit has "repeatedly held that" declarations or affidavits "submitted in opposition to a motion for summary judgment merely reiterate[ing] allegations" without "providing specific factual information made on the basis of personal knowledge" are

---

[1] This Court, like others, have adopted an "anti-ferret"-like rule on summary judgment to function as a means of "focusing a district court's attention on what is—and what is not—genuinely controverted," *e.g.*, in order to "dispel the smokescreen behind which litigants with marginal or unwinnable cases often seek to hide." *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 6–8 (1st Cir. 2007) ("We repeatedly have emphasized the importance of local rules similar to Local Rule 56"; "Given the vital purpose that such rules serve, litigants ignore them at their peril.") (citing cases); *see Foley*, 2011 WL 4020835, at *3; *Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir.2000) (Such rules were inaugurated in response to this court's abiding concern that, without them, "summary judgment practice could too easily become a game of cat-and-mouse.").

"insufficient." *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 315 (1st Cir. 2016) (citing First Circuit cases). "Conclusory," "unsupported," or "speculative" assertions, including averments of "facts beyond the scope" of "personal knowledge," and conclusions without proffered supporting evidence adduced in the declarations are improper and insufficient to create a genuine issue of material fact to oppose summary judgment. *Id.* at 315–16, 318; *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 66 (1st Cir. 2013); *Fiske v. MeYou Health, Inc.*, No. CIV.A. 13-10478-DJC, 2014 WL 2818588, at *3 (D. Mass. June 20, 2014).[2]

Here, only 11 of the 40 paragraphs contained in Plaintiff's opposing declaration have *any* references to sources of evidence, Nos. 26–28, 31–33, 36–40. *See* ECF No. 73. Paragraph 26 cites a new exhibit purporting to show a loss of sales through a chart Plaintiff created—but lacks the necessary foundation, explanations and reliability required to use such a calculation for damages in this case. *Compare* Pl.'s Decl. Opp. Summ. J. ¶ 26 (ECF No. 73), *with* Def.'s Mem. Supp. Summ. J. at 16–20 (ECF No. 67) (explanation of damages deficiency applicable). Paragraphs 27–28 and 31 collectively cite a purported list of Plaintiff's certification expenses and an ad hoc conclusory conversion to apparently show Plaintiff's certification expenses caused its increased prices, but Defendant's opposition, through the uncontroverted evidence, has demonstrated that those expenses and increased prices, to the extent they existed, were not caused by Defendant or its alleged misconduct for a variety of reasons, and the claimed damages

---

[2] *See also Cadle Co. v. Hayes*, 116 F.3d 957, 960, 961 n.5 (1st Cir. 1997) ("Conclusory allegations, improbable inferences, and unsupported speculation will not suffice."; "The difficulty with Hayes' affidavits is not that they are self-serving but that they neither contain enough specifics nor speak meaningfully to matters within Hayes' personal knowledge."); *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989) ("The evidence illustrating the factual controversy cannot be conjectural or problematic."); *Booker v. Massachusetts Dep't of Pub. Health*, 527 F. Supp. 2d 216, 224 (D. Mass. 2007) ("Neither conclusory allegations nor improbable inferences are sufficient to defeat summary judgment. Rather, to withstand a properly supported motion for summary judgment, the opposing party must present enough competent evidence to enable a factfinder to decide in its favor on the disputed claim."); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (hearsay not permitted on summary judgment); *accord Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777–79, 781 (9th Cir. 2002) (statement of undisputed facts must properly cite admissible record and may not rely on hearsay).

are impermissibly unreliable to survive summary judgment in the first place. *Compare* Pl.'s Decl. Opp. Summ. J., ¶ 27 (ECF No. 73), *with* Def.'s Mem. Supp. Summ. J. at 16–20 (ECF No. 67), *and*, *e.g.*, *Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 316 (1st Cir. 2016) ("Garmon fails to demonstrate a causal connection between his membership in a protected class and the adverse action alleged. Outside of the bare allegations in his complaint and his unsupported affidavit, Garmon presents absolutely no evidence that Amtrak decided to designate overtime needs by role, not for legitimate business purposes, but rather, in order to discriminate against him or other workers because of their race. To the contrary, the record demonstrates [otherwise].").[3]

Plaintiff's Declaration had a number of other evidentiary deficiencies that made it inapt for consideration on summary judgment, including:

- Inadmissible hearsay statements and other statements where Gary Mook lacked the requisite personal knowledge. *E.g.*, ECF No. 73 ¶¶ 11, 14, 19–20, 30; *see McKernan v. Burek*, 118 F. Supp. 2d 119, 126 (D. Mass. 2000) (Summary judgment affidavit of competitor regarding competitor's recollection as to what his customers had told him about conversations they had contained hearsay, and was thus inadmissible to support competitor's claim that seller engaged in unfair trade practices).

- Improper conclusory allegations without support. *E.g.*, ECF No. 73 ¶ 24 ("Gen-Connect has suffered damages in revenue and reputation substantially in Massachusetts from US Carburetion's actions.") ¶¶ 28, 34 (other bald, conclusory allegations); *see Garmon v. Nat'l R.R. Passenger Corp.*, 844 F.3d 307, 315 (1st

---

[3] Moreover, Paragraph 32 of Plaintiff's declaration purports to introduce a "lost opportunity" damage that neither appears in its pleadings, nor is cognizable or reliable for similar reasons discussed above. *See generally id.*

5

Cir. 2016) (declarations in opposition to summary judgment may not make unsupported or speculative assertions to create material issues of fact).

- Improper conclusory allegations inconsistent with the clear record evidence that cannot be used to attempt to "manufacture an issue of fact." *E.g.*, *compare* ECF No. 73 ¶ 25 (discussed in Plaintiff's opposition brief, ECF No. 72, at 4) (Plaintiff declaration concluding that when Plaintiff "withdrew its non-certified products from sale between January 2016 and August 2016," . . . . "it gave US Carburetion essentially an exclusive market for selling its conversion kits and converted generators," even concluding that "US Carburetion was the only option for the vast majority of who used to be our customers."), *with* ECF No. 70 ¶¶ 4–5, 47–68, ECF No. 67 at 16–20 (sworn, binding 30(b)(6) deposition and other record evidence that Plaintiffs' certified products had not been introduced into commerce prior to its date of certification, so no one "used to be" Plaintiff's customers for the products at issue, and that due to the large number of other competitors, the damages claimed in this suit would exist even had Defendant never existed); *see Selfridge*, 172 F. Supp. 3d 397 at 412–13 (attempt to "manufacture an issue of fact in order to survive summary judgment" through opposing declaration inadmissible); *Real View, LLC v. 20-20 Techs., Inc.*, 789 F. Supp. 2d 268, 276 (D. Mass. 2011) (no Chapter 93A liability where evidence did not show damages flowed specifically from Defendant's alleged misconduct); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (testimony improper and inadmissible on

summary judgment where declarant lacked the necessary knowledge for the statement about causation).[4]

And the few exhibits Plaintiff cited outside its Declaration in the opposition brief itself had their own evidentiary issues, also making them inapt to oppose summary judgment, including:

- Citing to "Exhibit F" in Plaintiff's opposition to claim that Defendant also sells "kits" "compatible with" and "for" the "Honda EU7000i," when "Exhibit F" was instead an unauthenticated screenshot from eBay during some period—*that nowhere mentioned EU7000i*—only EU1000, EU2000, and EU3000. *Compare* ECF No. 72 at 4 (opposition claiming cited "Exhibit F" showed Defendant selling kits for EU7000i), *with* Exhibit F itself (ECF No. 72-6) (not mentioning EU7000i), *and* ECF No. 70 ¶¶ 25, 56–57, 63–65 (evidence evincing Defendant does not sell kits for EU7000i).

- Citing to Defendant's statement of material facts and Declaration in support of summary judgment in Plaintiff's opposition to claim that "The parties are direct competitors in the generator and generator accessories (conversion kits included) business." ECF No. 72 at 1 (citing ECF No. 69-4 ¶ 5; ECF No. 70 ¶ 8), when both merely advise that Defendant has sold and marketed Motor Snorkel and "Classic Adapters," within the term "conversion kits" under 40 C.F.R. § 1054.645. Neither addressed whether they were actual competitors for the products at issue, and the uncontroverted evidence shows they are not. *See* ECF No. 67 at 17-20; ECF No. 70 ¶¶ 56-66, 4-11.

---

[4] Nor did Plaintiff's Declaration ¶ 11 support such a blanket statement that the EPA told Intertek's Gary price that "conversion kits did in fact require a certificate of conformity," which is impermissible hearsay anyway. *See* ECF No. 67 at 7-8.

7

- Citing to "Exhibit A" in Plaintiff's opposition to show deposition testimony from Gary Price, when the deposition excerpt lacked the required authentication information to be considered on summary judgment. *Compare* ECF No. 72 at 2, 8 (citing "Exhibit A" to opposition), *and* ECF No. 72-1 ("Exhibit A" to opposition), *with Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 774 (9th Cir. 2002) (citing Fed. R. Evid. 901) (explaining authentication necessary under federal rules for deposition excerpts on summary judgment).

Finally, Plaintiff made factual assertions within its opposition brief that had no supporting reference or citation whatsoever. *See, e.g.*, ECF No. 72 at 3 ("Sometime after the winter of 2017 US Carb began to no longer advertise its generators with its Motor Snorkel pre-installed."; "At no time has US Carb ceased manufacturing and selling its conversion kits."; "This decision [by US Carb] is done for the sole purpose to be able sell [sic] goods at a lower price and maximize profit.") (no cites); ECF No. 72 at 9 ("As admitted by US Carb all of its conversion kits contain an adjustable fuel/air mixture valve . . . .").

Based on the forgoing, Plaintiff has not shown that there is a genuine issue of material fact through the admissible evidence to oppose summary judgment. *See, e.g.*, *Annoreno v. Sheriff of Kankakee Cty.*, 823 F. Supp. 2d 860, 863 (C.D. Ill. 2011) ("[T]he nonmoving party cannot rest on mere allegations or denials to overcome a motion for summary judgment; instead, the nonmovant must present definite, competent evidence in rebuttal. . . . Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (citing cases); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986) (A moving party can win summary judgment by simply pointing

the court to the total absence of evidence supporting one element of a non-movant's claim, if the non-movant will bear the burden of proof on that claim at trial).[5]

### III. PLAINTIFF'S MODIFIED THEORY IN OPPOSITION TO SUMMARY JUDGMENT IS NOT PROPERLY BEFORE THE COURT

Apparently sensing defeat of its premise for Chapter 93A liability, that 40 C.F.R. § 1054.645 *required* US Carburetion to obtain certificates of conformity for its "conversion kits" and therefore Defendant was in violation of 40 C.F.R. § 1068.101 per subsections (a) and (b) of 40 C.F.R. § 1054.645—Plaintiff pivots its theory of liability to oppose summary judgment by now arguing that 40 C.F.R. § 1054.645 is "completely silent as to whether conversion kits require a certificate of conformity," and that instead a separate part of the EPA regulations, part 1060, requires the certification. *Compare* Am. Compl. (ECF No. 14) (alleging violation of 40 C.F.R. § 1054.645 for Defendant's products caused violation of 40 C.F.R. § 1068.101), Def.'s SOF ¶¶ 14-22 (ECF No. 70) (question by Plaintiff, Intertek, and purported EPA was whether specifically 40 C.F.R. § 1054.645, *not* Part 1060, required kits to be certified), *and* ECF No. 73-6 (same), *with* Pl.'s Opp. Summ. J. at 6–7 (ECF No. 72) (pivoting regulatory theory to new regulatory part).[6]

Such a pivot was impermissible and not properly before the Court to oppose summary judgment. Claims, allegations, and theories of liability, including factual and legal theories and bases for liability, raised in opposition to summary judgment but not asserted in the operative complaint should be disregarded at the summary judgment stage. *See, e.g.*, *Whitt v. Kaleida*

---

[5] *See also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) ("The time has come [in opposing summary judgment]. . . 'to put up or shut up.' . . . Accordingly, unsupported allegations do not create a material issue of fact.").

[6] In doing so, Plaintiff's inconsistent attack on Defendant's regulatory expert in footnote 2 of its opposition, because Mr. Miller "admit[ed]" at deposition that the EPA's use of "may" *can* at times convey a requirement, does not support Plaintiff's position; it ignores Mr. Miller's more complete testimony that, *where there is no "qualifier,"* "may" does *not* convey the mandatory requirement, and that the EPA did not include such a qualifier under 40 C.F.R. 1054.645(e). *See* Def.'s SOF ¶ 22 and its cited exhibit M (ECF No. 70).

9

*Health*, 298 F. Supp. 3d 558, 568 (W.D.N.Y. 2018) (raising claim or theory of liability at summary judgment not in pleadings "inappropriate") (citing cases); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2014 WL 1330754, at *4–5 (E.D. Cal. Mar. 28, 2014) ([T]he court finds an argument based on new factual bases, akin to one based on new legal theories, to be improperly raised on summary judgment. . . . A plaintiff may not make vague and generic allegations in [the] complaint and simply add facts as discovery goes along without amending the complaint because to do so 'would read the "fair notice" requirement out of Rule 8(a) and ... undermine the rule's goal of encouraging expeditious resolution of disputes."); *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("[A] plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'"); *Green v. JP Morgan Chase Bank*, N.A., 562 F. App'x 238, 240 (5th Cir. 2014); *Benavides v. EMC Mortg. Corp.*, No. CIV.A. 3-12-46, 2013 WL 416195, at *3 (S.D. Tex. Jan. 31, 2013) (new argument not properly before court on summary judgment and lacked merit); *Spring Inv'r Servs., Inc. v. Carrington Capital Mgmt., LLC*, No. CIV.A. 10-10166-FDS, 2013 WL 1703890, at *13–14 (D. Mass. Apr. 18, 2013) (theory modified from pleadings to oppose summary judgment "not properly before the Court"). "This rule encompasses new factual theories supporting previously pleaded legal theories." *Clark v. Gen. Motors*, No. 3:14CV505-DPJ-FKB, 2016 WL 3574408, at *6 (S.D. Miss. June 23, 2016).

**IV.    EVEN IF PLAINTIFF'S MODIFIED THEORY WAS PROPERLY BEFORE THE COURT, THE RESULT WOULD BE THE SAME**

Even if the Court were to allow Plaintiff to pivot to its new theory on summary judgment, as discussed above, the plain text of the new regulatory part, 1060, does not change the result; it is undisputed that Defendant sells the kits by themselves separate from any engine (*see* Pl.'s Opp. at 3 (ECF No. 72) (Plaintiff conceding Defendant's kits sold separate from engine); Def.'s

Mem. Supp. Summ. J. at 3 (ECF No. 67))—a practice on which, as expected, Part 1060's plain language also does not impose a certification requirement. 40 C.F.R. § 1060.5, entitled "Do the requirements of this part apply to me," squarely addresses the certification requirement in the relevant context for a "Component Manufacturer" under the part.

**Question:** "Is the component manufacturer required to certify fuel lines and fuel tanks?" 40 C.F.R. § 1060.5(f).

**Answer:** For the "Small SI," "Yes *if* the Fuel lines and fuel tanks . . . are attached to or sold with engines." 40 C.F.R. § 1060.5(f), 1060.5, Footnote a (emphasis added).

That is perhaps why, in part, 40 C.F.R. § 1060.201 provides that manufacturers of "engines, equipment, or fuel-system components *may* need to certify their products with respect to evaporative emission standards as described in §§ 1060.1 and 1060.601. (emphasis added).[7]

## V. THERE IS NO AVOIDING THE EVIDENCE: SECTION 11'S HEIGHTENED GEOGRAPHIC PREREQUISITE IS NOT MET AS A MATTER OF LAW

Next, Plaintiff's opposition strains to address Section 11's heightened geographic prerequisite in the face of overwhelming, undisputed evidence Defendant adduced in support of summary judgment, that Defendant's alleged misconduct did *not* occur "primarily and substantially" in Massachusetts. *See* Def.'s Mem. Supp. Summ. J. at 8-13, ECF No. 67. Plaintiff is correct that this heightened geographic prerequisite requires the Court to make "findings of fact," Opp. at 9-10 (ECF No. 72), "but it is nevertheless 'a question of law,'" regularly decided on summary judgment and occasionally on motion to dismiss. *E.g.*, *Shea v. Millett*, No. 17-CV-

---

[7] Additionally, 40 C.F.R. § 1060.1(a) provides that the Part only applies to "fuel lines, fuel tanks, couplings and fittings, and fuel caps used or intended to be used in [certain] categories of new engines and equipment that are fueled with a volatile liquid fuel (such as gasoline, but not including diesel fuel), and to the equipment in which these components are installed." Part 1060 does "*not* apply to any diesel-fueled engine or any other engine that does not use a volatile liquid fuel," *nor* does it apply to "any engines or equipment in [certain] categories even if they use a volatile liquid fuel," including "Land-based spark-ignition engines at or below 19 kW" regulated under "part 90." 40 C.F.R. § 1060.1(d). Plaintiff's arguments do not account for the fact that the kits are used on engines below 19 kW, or any variances in diesel-fueled engines, and glosses over the lack of definition stating that Defendant's kits constitute "fuel lines" or "fuel tanks." *See* ECF No. 72.

11

12233-ADB, 2018 WL 2077599, at *3 (D. Mass. May 3, 2018); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 255 (1st Cir. 2004) ("This is a question of law.").

Plaintiff focuses much of its opposition on legal grounds, rather than reference to the salient, admissible facts in the record. Opp. at 9-12 (ECF No. 72). Plaintiff argues "Defendant relies solely on where the Defendant is located and where its sales take places [sic], but completely ignore [sic] where the harm and the consequences of the deceptive acts have occurred." *Id.* at 10. This is plainly wrong. *See* Def.'s Mem. Supp. Summ. J. at 8-13, ECF No. 67. Plaintiff's opposition is also wrong to point to contacts in Massachusetts that exceeded the scope of permissible inquiry under Section 11: that "the [Defendant's] actions and transactions *constituting* the alleged unfair . . . or deceptive act[s]" must be "primarily and substantially" in Massachusetts to invoke the claim. *Compare* Opp. at 11–12 (e.g, arguing prerequisite met by claiming "impact on the Massachusetts economy" and Massachusetts as general location for where it takes calls, its office is located, it incurs expenses, it gets many of its parts from to sell), *with* M.G.L. c. 93A, § 11 (describing focus of inquiry), *and EMC Corp. v. Pure Storage, Inc.*, No. CV 13-12789-JGD, 2016 WL 7826662, at *4 (D. Mass. Aug. 19, 2016) ("[T]he court noted that it needed to identify the defendant's conduct that allegedly violated ch. 93A because '[c]ontacts with Massachusetts that were neither unfair nor deceptive do not play a part in assessing whether the misconduct occurred primarily and substantially in Massachusetts.'").

What little facts Plaintiff does address concerning Section 11's heightened geographic prerequisite, via its own declaration, is essentially the argument that courts flatly reject as insufficient to withstand dismissal as a matter of law, that Plaintiff's harm was felt only in Massachusetts because it was headquartered there, where its operations are. *Compare* Opp. at 10-12 (ECF No. 72) (casting argument of "harm felt in Massachusetts" where headquartered as, *e.g.*:

where its "only office" is, where its phone calls and orders are received from, where its products are shipped from, where its expenses are incurred, and where it gets many of its parts from), *with, e.g.*, *Spring Inv'r Servs., Inc. v. Carrington Capital Mgmt.*, LLC, No. CIV.A. 10-10166-FDS, 2013 WL 1703890, at *12–13 (D. Mass. Apr. 18, 2013) ("As many courts have previously held, a place of injury within Massachusetts is not a sufficient basis for finding that conduct occurred "primarily and substantially" within the Commonwealth.") (citing cases).[8]

Even focusing solely on where the harm was "felt," Defendant's summary judgment motion cited ample case law prescribing that the harm is most accurately "felt," in cases like this where loss of sales or revenue from Section 11 unfair or deceptive misconduct is alleged, where the customers are located, *i.e.*, where the customers are actually selecting a different product over plaintiff's due to the alleged misconduct. Def.'s Mem. Supp. Summ. J. at 11-13 (ECF No. 67). Plaintiff attempted to argue, without any citation to case law, that these cases are limited only to "false advertisements and deceiving customers." Pl.'s Opp. at 12 (ECF No. 72). First Circuit case law makes no such distinction in cases, such as this, where the loss of sales or revenue from consumers is alleged to have been caused by the Section 11 misconduct. *See, e.g.*, *Skyhook Wireless, Inc. v. Google Inc.*, No. CIV.A. 2010-3652BLS1, 2012 WL 5309755, at *17 (Mass. Super. Sept. 28, 2012), *aff'd*, 86 Mass. App. Ct. 611, 19 N.E.3d 440 (2014) (in competitor systems provider action, alleged misconduct not "primarily and substantially" in Massachusetts where loss of sales was worldwide); *Gulf Oil Ltd. P'ship v. Petroleum Mktg. Grp.*, Inc., No. CV 17-10813-GAO, 2018 WL 1587302, at *2 n.2 (D. Mass. Mar. 30, 2018); *Bruno Int'l Ltd. v. Vicor Corp.*, C.A. No. 14-10037-DPW, 2015 WL 5447652, at *20 (D. Mass. Sept. 16, 2015)

---

[8] Moreover, Gen-Connect's purported policy argument that "Chapter 93A cannot be interpreted to provide immunity merely because the actionable sales were nationwide" is nonsensical. *See* Pl.'s Opp. at 10 (ECF No. #). That is a perverse reading of the Massachusetts legislature's decision to impose the heightened geographic prerequisite for business plaintiffs under Section 11 of Chapter 93A. Plaintiff could have sued under other state laws and in other courts, or for a more limited theory of recovery, but it did not do so.

(dismissing 93A claim where "[plaintiff] has affirmatively placed many of the alleged unfair acts or practices in Israel, leaving little to have occurred in Massachusetts."); *Picker Int'l, Inc. v. Leavitt*, 865 F. Supp. 951, 970–71 (D. Mass. 1994) (unfair competition).

Moreover, Plaintiff's attempt to distinguish *Gulf Oil* misinterprets its holding. *See* Opp. at 12 (ECF No. 72). Clearly, it does not stand for the proposition that the "primarily and substantially" in Massachusetts requirement must be satisfied *unless* "none" of the alleged harm caused by the unfair conduct was in Massachusetts—just that the requirement was obviously not met, at the pleadings stage, under those circumstances, where "none" of the affected sites were in Massachusetts where the sales went to the competitor instead, despite that the plaintiff was Massachusetts-based. *Compare* Opp. at 12 (ECF No. 72), *with Gulf Oil Ltd. P'ship v. Petroleum Mktg. Grp., Inc.*, No. CV 17-10813-GAO, 2018 WL 1587302, at *2 (D. Mass. Mar. 30, 2018).

Ultimately, the material facts are not in dispute.[9] The vast majority of the alleged "actionable conduct" occurred *outside* Massachusetts—*i.e.*, that West Virginia-based Defendant was selling energy products throughout the country without certificates of conformity from the EPA (based in D.C.), which precludes Section 11 liability as a matter of law. *See* Def.'s Mem. Supp. Summ. J. at 9-13 (ECF No. 67) (citing supporting cases); *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 236 (1st Cir. 2003) (where "actionable conduct" occurred primarily outside Massachusetts, Section 11 not available as matter of law) (citing *Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 781 N.E.2d 787, 800 (2003)). No case Plaintiff cited suggests otherwise.

---

[9] For example, Plaintiff's opposition brief summarizes its allegations of misconduct as Defendant's "manufacturing, advertising, and selling" of the products without the EPA certificates (ECF No. 72 at 3, 6). The undisputed evidence reveals that the products at issue were manufactured *exclusively* outside Massachusetts, advertised *exclusively* from outside Massachusetts, and the *vast* majority of the products were sold outside Massachusetts. *See* Def.'s Mem. Supp. Summ. J. at 8-13 (ECF No. 67).

## VI. SUMMARY JUDGMENT IS ALSO PROPER ON THE KIT-ATTACHED GENERATOR DEFENDANT NO LONGER SELLS

Although under Defendant's *old* sales model, it sold some generators with kits attached (before deciding to phase out this practice long before Plaintiff's instant suit against Defendant for independent reasons), the undisputed evidence is that Defendant sold a total of *just one such generator in Massachusetts* during the limited window since Plaintiff first obtained a certificate of conformity for *any* of its products, and thus could claim a competitive injury. *See* Def.'s SOF ¶¶ 30, 1-6, 10-11(ECF No. 70); Def.'s Mem. Supp. Summ. J. at 10-11, 13 (ECF No. 67). This sale does not make the isolated conduct any less appropriate for summary judgment under Defendant's Section 11 state law arguments discussed herein and in its motion for summary judgment, including that the alleged misconduct clearly did not occur "primarily and substantially" in Massachusetts, with a total of just one sale there during the supposed actionable period, that the resulting damages Plaintiff allegedly incurred were not shown to have been caused by Defendant's alleged misconduct and cannot be calculated, and that the lack of certification does not rise to the egregious conduct required for Section 11 cases brought by a business plaintiff against a purported competitor, as a matter of law. *See* Def.'s Mem. Supp. Summ. J. at 8-20 (ECF No. 67).

## VII. CONCLUSION

For these reasons, US Carburetion asks this Court to grant its motion for summary judgment on Gen-Connect's single Section 11, Chapter 93A claim.

Date: June 29, 2018

Respectfully submitted,

*/s/ Benjamin P. Lajoie*
Benjamin P. Lajoie, BBO # 693715
blajoie@baileyglasser.com

**BAILEY & GLASSER LLP**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954

Brian A. Glasser (admitted *pro hac vice*)
bglasser@baileyglasser.com
**BAILEY & GLASSER LLP**
1054 31st Street, NW, Suite 230
Washington, D.C. 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

Marc R. Weintraub (admitted *pro hac vice*)
mweintraub@baileyglasser.com
**BAILEY & GLASSER LLP**
360 Central Avenue, Suite 1500
St. Petersburg, FL 33701
Telephone: (727) 894-6745
Facsimile: (727) 894-2649

*Attorneys for Defendant US Carburetion, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2018.

                                        */s/ Benjamin Lajoie*
                                        Benjamin Lajoie