UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12270-GAO

NEW ENGLAND GEN-CONNECT, LLC,
Plaintiff,

v.

US CARBURETION, INC.,
Defendant.

OPINION AND ORDER
March 25, 2019

O'TOOLE, D.J.

Defendant US Carburetion has moved for summary judgment on the single-count Amended Complaint, which alleges that US Carburetion engaged in unfair and deceptive practices in violation of Massachusetts General Laws Chapter 93A, Section 11. The plaintiff opposes the motion.

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the facts offered by the parties, a court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citing Franceschi v. U.S. Dep't of Veteran Affairs, 514 F.3d 81, 84 (1st Cir. 2008)).

Although US Carburetion moves for summary judgment on multiple grounds, this Court need only address whether the defendant's allegedly unfair and deceptive conduct occurred "primarily and substantially" in Massachusetts as required by Chapter 93A. See Mass. Gen. Laws, ch. 93A, § 11. After reviewing the record, it is clear that the defendant's alleged wrongful conduct

did not occur "primarily and substantially" in Massachusetts for purposes of the claimed cause of action.

The following facts are not genuinely disputed:

Gen-Connect is a Massachusetts company with a principal place of business in Massachusetts. US Carburetion is a West Virginia company with a principal place of business in West Virginia. US Carburetion's employees, facilities, and equipment are exclusively located in West Virginia. The companies sell competing products that enable consumers to run a single fuel source generator using different types of fuel from that for which the generator may have been first designed. These after-market products are referred to as conversion kits.

Gen-Connect's claim stems from its belief that any company, including US Carburetion, selling products used to convert a generator engine to permit use of an alternate fuel source is required under 40 C.F.R. § 1054.645 to obtain a particular certificate of conformity from the Environmental Protection Agency ("EPA"). Gen-Connect obtained such a certificate; US Carburetion did not. Gen-Connect asserts that it suspended sales of relevant products during the process of obtaining the certificate, thus diminishing its sales and consequent profits, while competitors such as US Carburetion continued to sell their products, unfairly taking advantage of Gen-Connect's self-imposed sales moratorium. US Carburetion's continued sales of uncertified products in purported disregard of the EPA regulation was, the complaint alleges, an unfair trade practice forbidden by Section 11 of Chapter 93A.

That section contains a heightened geographic limitation that states:

> No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth.

Mass. Gen. Laws, ch. 93A, § 11.

US Carburetion's argument is that it sells its products throughout the country, and even if its sales of uncertified products constituted unfair commercial acts, they did not occur "primarily and substantially" within Massachusetts so as to make Section 11's remedy available.

US Carburetion provided details of its sales during the relevant period. The sales data shows that during the relevant time period US Carburetion sold 56 conversion kits in Massachusetts compared to 3656 kits sold elsewhere, meaning that only 1.51% of the kits US Carburetion sold in the relevant period were to Massachusetts customers. Put in other terms, US Carburetion had revenue from kits sold in Massachusetts of $10,188, compared with $702,313.99 from kits sold elsewhere, meaning that only 1.43% of total sales revenues were from sales within Massachusetts. It is apparent that, if the sales by US Carburetion of uncertified kits constituted potentially actionable unfair activity, most of it occurred outside Massachusetts.

The Massachusetts Supreme Judicial Court has said that the "primarily and substantially" test inquires "whether the center of gravity of the circumstances that give rise to the claim" is found within Massachusetts. Kuwaiti Danish Comput. Corp. v. Digital Equip. Corp., 781 N.E.2d 787, 799 (Mass. 2003). Where the allegedly unfair sales occurred throughout the country, and where only a very small percentage of the number of sales and revenues generated was centered in Massachusetts, it is clear that the center of gravity—if there is a demonstrable one—is elsewhere. See Fishman Transducers, Inc. v. Paul, 684 F.3d 187, 197 (1st Cir. 2012) ("Where wrongdoing is not focused on Massachusetts but has relevant and substantial impact across the country, the 'primarily' requirement of section 11 cannot be satisfied.").

Gen-Connect argues that its revenue loss was experienced in Massachusetts because it is located here. While that may be a factor to be taken account of in particular cases, it is not a general principle that trumps other factors, such as the situs of the loss-producing activity. Id. "[I]f the place of injury were the only test, practically no case involving a Massachusetts plaintiff would be exempt from c. 93A status, no matter how negligible the defendants' business activity in this State. Such a result would effectively nullify the words 'primarily and substantially within the Commonwealth,' which imply some process of measuring and weighing." Makino, U.S.A., Inc. v. Metlife Capital Credit Corp., 518 N.E.2d 519, 523 (Mass. App. Ct. 1988).

The other issues raised by the motion need not be addressed. US Carburetion has satisfied its burden of demonstrating that there is no genuine trialworthy issue of fact and that it is entitled as a matter of law to judgment in its favor on the Section 11 claim.

The defendant's motion for summary judgment (dkt. no. 66) is GRANTED.

Judgment shall enter in favor of the defendant.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge